## TILLAR v CREED

Ohio Common Pleas, Hamilton Co

Decided June 8, 1937

Creed & Creed, Cincinnati, and Hiram C. Bolsinger, Cincinnati, for the motion.

Fitzpatrick & Quane, Cincinnati, and John J. Rivers, Cincinnati, contra.

### OPINION

By GORMAN, J.

The matter is before the court upon a motion of the defendant for a new trial.

The plaintiff claimed that she acted during the lifetime of Caroline Toenjes who died September 14, 1935, as a personal companion to her every day from early morning until late at night, advising her as to her investments and acting as her general secretary from September 1, 1931 to September 10, 1935.

Under the provisions of §11495, GC, the plaintiff could not testify. Evidence was offered that upon one occasion she did write a letter, and that Mrs. Toenjes called her on the phone nearly every morning. There was also testimony that several times a week the two went riding in an automobile and that two or three times each week they ate together in a restaurant in Lockland, Ohio.

Upon one occasion Mrs. Toenjes said that Miss Tillar had been a nice girl and that she would be paid. At another time Mrs. Toenjes told Mrs. Tillar, the mother of the

plaintiff, that she would make it all right with her daughter.

While testimony was not offered showing just how many days the plaintiff did accompany Mrs. Toenjes to places, there was sufficient for the jury to conclude that such companionship existed during the entire four-year period.

No evidence was offered by the defendant, and the jury awarded the plaintiff a verdict of $2,000.00, which is in effect an allowance of approximately $10.00 a week.

There was no evidence that plaintiff acted as a secretary or advised defendant's decedent in reference to her investments. If the verdict is to be sustained it must be that the services as a companion were worth ten dollars per week to Mrs. Toenjes.

There was sufficient evidence presented whereby the jury could have awarded the plaintiff a verdict on an implied contract since she was not a relative and an express contract need not be proven. **Leen, Admrx. v Leen, 6 Oh Ap 254.**

The defendant claims that there was no opinion evidence offered as to the value of services of a companion, and therefore nothing to guide the jury in reference to damages.

The rule is well set forth that where the matter is within the common observation and general knowledge the jury may determine the value, and the fact that no evidence is presented upon such question of value the matter may still be left to the jury. **Hossler v Trump, 62 Oh St 139.** However, where the value of the matter in dispute is not presumptively within the knowledge of the jury testimony should be presented to govern the jury in its findings. **Fleischman Transportation Co. v Bishop, 12 Oh Ap 293.**

If the action were one for professional or skilled services about which the jury is presumed to lack knowledge evidence would have to be offered. If on the other hand, value of domestic services or nursing services during a last illness are presumed to be within the knowledge of the jury.

The occupation of a companion, however, is very rare. To be a traveling companion for one who is active and in good health might be far different than being a companion for one who might be feeble and infirm. It is difficult to ascertain how, under such circumstances, expert testimony would be of much assistance to a jury.

We are constrained to hold that the value of services as a companion are presumptively within the knowledge of a jury. As said in **Sayler, Executor v Sellers, 2 Oh Ap 439,** where the claim was for services for taking care of the home (pp. 447-8):

"Plaintiff below was not required to offer opinion evidence as to the value of the services * * *. Evidence as to the nature of the services was evidence of their value."

See also: **McIntyre's Executor v Garlick, 8 C.C. (N.S.) 416; Duhme Jewelry Co. v Hazen, 6 C.C. (N.S.) 606.**

While the court feels that the jury was far too liberal with the decedent's money, it cannot say that the finding is manifestly against the weight of the evidence. The plaintiff asked for compensation at the rate of thirty dollars a week and the jury allowed her ten dollars.

While it may be suspected that she visited Mrs. Toenjes for the purpose of making sales of securities on which she would receive commission there is no evidence that she at any time made or received anything, directly or indirectly, from Mrs. Toenjes other than a few meals and rides in her automobile.

We must therefore assume that this constant accompanying of Mrs. Toenjes was a detriment to her for which she should be paid even though others might feel otherwise.

Under such circumstances we are unable to say that the verdict is so excessive that the court should intervene.

The motion for a new trial is therefore overruled.